UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO PAIGNE,

    Petitioner,

        v.

KRISTI NOEM, TODD LYONS, SAM
OLSON, PAMELA BONDI, BRIAN
ENGLISH,

    Respondents.

CAUSE NO. 3:26-CV-336-CCB-SJF

## ORDER TO SHOW CAUSE

Immigration detainee Antonio Paigne, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Paigne alleges he is a native and citizen of Cuba who entered the United States around 1980 as part of the Mariel Boat Lift. Following a drug trafficking conviction, he was ordered removed to Cuba from the United States on July 9, 1999. He says he was released from immigration custody because he could not be removed from the United States.

Paigne alleges that following another drug trafficking conviction, he was imprisoned from approximately 2007 to 2017 and then placed into immigration custody upon the conclusion of that sentence. But, he continues, immigration authorities were unable to remove him to Cuba, and he was released again after approximately 90 days in detention.

At this point, Paigne alleges he received an Employment Authorization Document (EAD) under 8 U.S.C. § 1231(a)(7)(A), which he asserts necessarily requires a finding that he cannot be removed to Cuba or a third country.

Paigne alleges he was convicted of another drug trafficking offense in 2021, and upon the completion of that sentence, he was transferred to immigration custody on approximately March 5, 2026. He believes Immigration and Customs Enforcement (ICE) intends to remove him to a third country, Mexico, even though he has not been given the opportunity to assert a fear-based claim specific to Mexico. Paigne alleges that on March 13, 2026, he submitted a Third Country Fear Screening Request to the United States Citizenship and Immigration Services (USCIS) Asylum Division D3 Pre-Screening Office. ECF 1-2.

Paigne argues due process requires that he be given the opportunity to be heard regarding any fear-based challenge to removal to a country other than the one designated on his order of removal. He contends that ICE's current policy regarding third country removals does not comport with due process. Under that policy, ICE asserts the right to deport noncitizens to third countries without notice if that country provides credible diplomatic assurances that the noncitizens will not be persecuted or tortured in that country. ECF 1-1 at 1. Otherwise, absent exigent circumstances, ICE will provide the noncitizen 24 hours' notice of a third country removal, but will not affirmatively ask whether the noncitizen is afraid of being removed to that country. *Id.* If the noncitizen affirmatively states a fear of removal to that country, ICE Enforcement

and Removal Operations (ERO) will refer the case to USCIS for screening and lays out a procedure to follow. *Id.* at 2.

Paigne argues his detention is unlawful because he cannot be removed to Cuba and ICE has not provided him the ability to assert a fear-based claim regarding removal to a third country. The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). In *Pho v. Noem*, this court determined 8 U.S.C. § 1252(g) does not strip this court of jurisdiction over a habeas petition challenging a petitioner's re-detention under § 1231(a). *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.); *see also Kem v. Noem*, No. 3:25-CV-997-DRL-SJF, 2026 WL 100566, at *1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.). To the extent respondents would raise the same arguments regarding subject matter jurisdiction already discussed in *Pho* and *Kem*, there is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

But, assuming Paigne's detention is based on a reasonably foreseeable removal to a third country, neither *Pho* nor *Kem* addressed whether a habeas petition is the appropriate forum to address the due process issues involved with a third country

removal. *Compare Portela-Hernandez v. Trump*, No. 25-1633-BAH, 2026 WL 74042 (D. Md. Jan. 9, 2026) (deciding noncitizen's due process rights regarding third country removals in the context of a habeas corpus petition and ordering release after finding removal not reasonably foreseeable until petitioner afforded certain process), *with D.V.D. v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (deciding noncitizens' due process rights regarding third country removals in case under the Administrative Procedures Act), *appeal docketed*, No. 26-1212 (1st Cir. Feb. 28, 2026). Therefore, if ICE intends to remove Paigne to a third country, the parties are ordered to specifically brief whether third country removal proceedings are sufficiently connected to detention such that habeas is an appropriate forum for raising such a claim.

For these reasons, the court:

(1) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Secretary of the Department of Homeland Security at the Office of General Counsel; (d) the Acting Director of Immigrations and Customs Enforcement at the Office of the Principal Legal Advisor; (e) the Director of the Chicago Immigration and Customs Enforcement Field Office at the Office of the Principal Legal Advisor; and (f) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility

at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) **ORDERS** the people listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) **ORDERS** respondents to file a brief status report by **March 19, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Antonio Paigne from the United States in the next thirty days and, if so, to where;

(5) **ORDERS** respondent to answer the petition by **March 25, 2026**, including, in addition to any other relevant evidence, (a) a copy of the decision revoking his Order of Supervision, and any documentation relevant to the decision to release him on an Order of Supervision and to revoke his supervision; (b) the date of the informal interview and any other custody reviews following Paigne's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(6) **ORDERS** that petitioner may file a reply by **April 1, 2026**.

SO ORDERED on March 17, 2026.

               /s/*Cristal C. Brisco*
               CRISTAL C. BRISCO, JUDGE
               UNITED STATES DISTRICT COURT