UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO PAIGNE,

      Petitioner,

         v.                                 CAUSE NO. 3:26-CV-336-CCB-SJF

KRISTI NOEM, TODD LYONS, SAM
OLSON, PAMELA BONDI, and BRIAN
ENGLISH,

      Respondents.

## ORDER

Immigration detainee Antonio Paigne, by counsel, moves for a temporary restraining order and/or preliminary injunction. ECF 7. Paigne, a Cuban citizen, filed a petition for a writ of habeas corpus, alleging his potential removal to a third country, Mexico, was being carried out in violation of due process. The court ordered respondents to answer the petition, which they did. ECF 6. Paigne's reply is due April 1, 2026.

In his motion for a temporary restraining order, Paigne asserts that he received a third-country fear interview on March 25, 2026, but he doesn't know the results of the interview. According to Guidance Regarding Third Country Removals from the Department of Homeland Security, if the interviewing officer finds he did not meet the standard to show he would more likely than not be persecuted on a statutorily protected ground or tortured in the country of removal, then the third country removal may continue without further review. *See* ECF 6-2 at 2. He fears that without this court's

intervention, he could be removed at any point and before this court has had the opportunity to decide the merits of his habeas petition.

This court has not yet had the occasion to determine the extent to which it has jurisdiction in habeas to review a third country removal or to which it may stay a noncitizen's removal from the United States, if at all. Therefore, before ruling on the motion, the court will order an expedited response from respondents. However, the court has inherent authority to order respondents to preserve the status quo to ensure fair and orderly consideration of this matter, and to rule on any contested issues concerning jurisdiction. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *United States v. Shipp,* 203 U.S. 563, 573 (1906) (When determining if the court has jurisdiction it has a "duty to permit argument, and to take the time required for such consideration as it might need."). Therefore, the court will enter a brief stay of removal.

For these reasons, the court:

(1) **TAKES UNDER ADVISEMENT** the motion for temporary restraining order (ECF 7);

(2) **ORDERS**, pursuant to the court's inherent authority to preserve the status quo, respondents shall not remove Antonio Paigne from the jurisdiction of the United States through **April 2, 2026, at 5:00 p.m. South Bend time**;

(3) **DIRECTS** the clerk to email a copy of this order to the United States Attorney for the Northern District of Indiana, ORDERS the United States Attorney for the

Northern District of Indiana to acknowledge receipt of the petition to the clerk, and **DIRECTS** the clerk to make a notation on the docket upon receiving confirmation of receipt of the delivery;

(4) **ORDERS** respondents to file a response to the motion for temporary restraining order (ECF 7), including any documentation from Paigne's third-country fear interview, by **March 30, 2026, at 5:00 p.m. South Bend time**, with any reply due **April 1, 2026, at 5:00 p.m. South Bend time**.

SO ORDERED on March 26, 2026.

        /s/*Cristal C. Brisco*
        CRISTAL C. BRISCO, JUDGE
        UNITED STATES DISTRICT COURT