UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO PAIGNE,

Petitioner,

v.

CAUSE NO. 3:26-CV-336-CCB-SJF

KRISTI NOEM, TODD LYONS, SAM OLSON, PAMELA BONDI, BRIAN ENGLISH,

Respondents.

## ORDER

Before the court is a motion for a temporary restraining order filed by Antonio Paigne, through counsel, asking the court to restrain respondents from removing him from the United States while he seeks due process review of his claim of fear of removal to Mexico, a third country. ECF 7. The court administratively stayed Paigne's removal to preserve its jurisdiction and ordered briefing on the temporary restraining order. ECF 8. Because the respondents have been given notice and the opportunity to file a response, the court will convert the motion to a preliminary injunction. *See* FED. R. CIV. P. 65. The respondents have filed a response to the motion. ECF 12. Paigne did not reply to the motion, but the court will consider his reply to his petition when deciding this motion. ECF 13.

## BACKGROUND

Paigne is a citizen of Cuba who came to the United States as a Mariel Cuban Refugee in 1980. He was ordered removed in 1999, but his removal was not effectuated

and he was released from immigration detention on an Order of Supervision. In 2008, Paigne was arrested and convicted on drug and weapons charges and sentenced to 11 years' imprisonment. After he completed his criminal sentence, he was transferred back into the custody of Immigration and Customs Enforcement (ICE) around 2017. He was unable to be removed to Cuba at that time and so was released on an Order of Supervision.

In 2021, Paigne was convicted of criminal possession of a controlled substance and attempted conspiracy and sentenced to a term of imprisonment. Near the end of his criminal sentence, ICE revoked Paigne's Order of Supervision on March 3, 2026, for violating a condition of his release by committing those crimes. ECF 6-1 at 5-6 (Revocation of Release). The revocation notice stated that ICE was seeking a travel document to remove him to Mexico. *Id.* at 6.

On approximately March 5, 2026, Paigne was transferred from criminal custody into ICE custody, and on March 6, 2026, he was served with the notice of revocation and provided with an informal interview under 8 C.F.R. § 241.13(i)(3). At the informal interview, the interviewing officer noted that Paigne expressed "concern" about removal to Mexico "due to no family ties in Mexico." ECF 6-1 at 7. He said he had a wife and ten children in the United States, and he asked to be considered for release on an Order of Supervision instead of being deported. *Id.*

On March 13, 2026, Paigne made a reasonable fear interview request and filed this habeas petition the same day. ECF 1-2. On March 25, 2026, United States Citizenship and Immigration Services (USCIS) conducted a third country screening

interview with Paigne regarding his potential removal to Mexico. ECF 12-1. Following the interview, USCIS determined that Paigne "did not establish that is it more likely than not that [he] will be persecuted or tortured in Mexico." *Id.* Paigne filed this motion the next day because, according to Guidance Regarding Third Country Removal issued by the Secretary of the Department of Homeland Security on March 30, 2025, no further review of his reasonable fear is required before he may be removed to Mexico.

In his petition and motion for a preliminary injunction, Paigne argues that due process requires that he be given the opportunity to seek review of the reasonable fear determination before an immigration judge. He notes that in every other type of immigration proceeding, a noncitizen has the opportunity to seek review of a reasonable fear determination before an immigration judge. He argues due process requires that he receive such an opportunity also.

Respondents ask the court to deny the motion. They say the court lacks subject matter jurisdiction to grant it. Alternatively, they argue on the merits that Paigne has received all the process that he is due based on the Supreme Court's decision in *D.V.D. v. U.S. Department of Homeland Security*, 145 S. Ct. 2153 (2025) (Mem.). And, finally, they argue the court should dismiss the motion as a matter of judicial comity because Paigne is a member of the Rule 23(b)(2) non-opt out class in *D.V.D. v. U.S. Department of Homeland Security*, No. CV 25-10676-BEM, 2026 WL 521557 (D. Mass. Feb. 25, 2026).

SUBJECT MATTER JURISDICTION

In looking first at subject matter jurisdiction, respondents invoke 8 U.S.C. § 1252(g), the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), and 8 U.S.C. § 1252(a)(4) as reasons why this court lacks subject matter jurisdiction.

Section § 1252(g) strips courts of jurisdiction, including in habeas, "to hear any cause or claim by or on behalf of any alien *arising from the decision or action* by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added). Section 1252(g) does not cover "'all claims arising from deportation proceedings' or impose[] 'a general jurisdictional limitation.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 20 (2020) (quoting *Reno v. American-Arab Anti–Discrimination Comm. (AADC)*, 525 U.S. 471, 482 (1999)). Instead, the scope of § 1252(g) is narrower; it applies "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *AADC*, 525 U.S. at 482 (quoting 8 U.S.C. § 1252(g)); *see also Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999) (concluding § 1252(g) did not deprive court of jurisdiction over habeas petition challenging mandatory detention under 8 U.S.C. § 1226(c)(1) because petition "did not ask the district court to block a decision to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter" and was limited to legality of "detention while the administrative process lasts," which could "be resolved without affecting pending proceedings.") (quotation marks omitted). Here, while these proceedings have the effect of delaying Paigne's removal while the due

4

process issues are being considered, the court is not reviewing ICE's determination of the country of removal or blocking any eventual removals. The court is simply considering what process must be provided before that removal is carried out.

FARRA, § 2242(d), which codified protections due under the Convention Against Torture, states:

> Notwithstanding any other provision of law, and except as provided in the regulations described in subsection (b), no court shall have jurisdiction to review the regulations adopted to implement this section, and nothing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under the Convention or this section, or any other determination made with respect to the application of the policy set forth in subsection (a), except as part of the review of a final order of removal pursuant to section 242 of the Immigration and Nationality Act (8 U.S.C. 1252).

OMNIBUS CONSOLIDATED AND EMERGENCY SUPPLEMENTAL APPROPRIATIONS ACT, 1999, PL 105–277, October 21, 1998, 112 Stat 2681. Here, Paigne is not seeking review of regulations, but rather the Guidance issued by the Secretary of DHS. And "the zipper clause" does not strip a court of habeas jurisdiction. *See Saint Fort v. Ashcroft*, 329 F.3d 191, 201 (1st Cir. 2003), *superseded by statute on other grounds as stated in, Hamid v. Gonzales*, 417 F.3d 642, 647 (7th Cir. 2005).

Finally, § 1252(a)(4) provides that a "petition for review" filed in the court of appeals is the "sole and exclusive means for judicial review of any cause or claim under [the Convention Against Torture]." 8 U.S.C. § 1252(a)(4). Paigne, however, is not asking the court to review any facts or legal challenges to a denial of his claim under the Convention Against Torture; rather he is challenging the procedures used to decide that claim, which falls outside § 1252(a)(4).

PRELIMINARY INJUNCTION

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The third and fourth factors, harm to

6

the opposing party and the public interest, merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

*Likelihood of Success*

Paigne has cited to several district court cases finding that noncitizens in his position are likely to succeed on the merits on their claim that they are entitled to review by an immigration judge of a negative reasonable fear determination before being removed to a third country. *See*, *e.g.*, *Nguyen v. Scott*, 796 F. Supp. 3d 703 (W.D. Wash. 2025); *Sagastizado v. Noem*, 802 F. Supp. 3d 992 (S.D. Tex. 2025); *Cruz Medina v. Noem*, 806 F. Supp. 3d 536 (D. Md. 2025). In response, the respondents argue that the Supreme Court resolved the issue adversely to Paigne's position when it stayed a preliminary injunction entered by the United States District Court for the District of Massachusetts in *Department of Homeland Security v. D.V.D.*, 145 S. Ct. 2153 (2025) (Mem.). In that case, the district court issued a preliminary injunction in a nationwide class action regarding what process the noncitizen class members are due when ICE seeks to remove them to a third country. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 392 (D. Mass.), *opinion clarified,* No. CV 25-10676-BEM, 2025 WL 1323697 (D. Mass. May 7, 2025), and *opinion clarified,* No. CV 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025), *reconsideration denied sub nom. D.V.D v. U.S. Dep't of Homeland Sec.*, 786 F. Supp. 3d 223 (D. Mass. 2025). The Supreme Court's staying of the preliminary injunction is not a decision on the merits. *See Merrill v. Milligan*, 142 S. Ct. 879 (2022) (Kavanaugh, J., concurring) ("The stay order is not a ruling on the merits, but instead simply stays the District Court's injunction *pending a ruling on the merits.*"). Any

7

conclusion about the Supreme Court's thoughts on the merits of the third-country removal procedures cannot be discerned from the one-paragraph memorandum order. Paigne has demonstrated a likelihood of success.

Additionally, respondents argue the court should dismiss the motion as a matter of judicial comity because Paigne is a member of the Rule 23(b)(2) non-opt out class in *D.V.D.* The judgment in that case has been stayed by the First Circuit. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 26-1212 (1st Cir. docketed Feb. 28, 2026) (Order of Mar 16. 2026). While the status of that case is uncertain, it does not prevent Paigne from establishing a likelihood of success on the merits for purposes of this preliminary injunction.

### *Irreparable Harm*

Paigne has shown irreparable harm by removal to Mexico if, as he asserts, he has a credible fear of persecution or torture and is unable to present that fear-based claim in accordance with due process. Respondents do not address this factor.

### *Balance of Equities and the Public Interest*

Respondents do not address this factor either, but it is apparent that the government has a strong interest in the prompt enforcement of immigration laws, and any delay in executing a removal order presents harm to the government. At the same time, the government, and the public at large, have an interest when the government exercising its authority within the bounds set by Congress and when constitutional safeguards are respected. In this situation, the burden on the government of delaying

8

Paigne's removal to Mexico is slight because Paigne's habeas petition is fully briefed and will be decided promptly. This factor weighs in favor of Paigne.

## CONCLUSION

Paigne has established he is entitled to a preliminary injunction, preventing him from being removed from the United States to any country other than Cuba while his habeas petition is pending.[1] In addition, the court waives the security bond requirement of Federal Rule of Civil Procedure 65(c). The court finds that a bond is not warranted under these circumstances. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 458 (7th Cir. 2010).

For these reasons, the court:

(1) **CONSTRUES** the motion for a temporary restraining order (ECF 7) as a motion for a preliminary injunction and GRANTS the motion (ECF 7);

(2) **ORDERS** that Respondents shall not remove Antonio Paigne to any country outside the United States, other than Cuba, while his habeas corpus petition is pending before this court; and

(3) **DIRECTS** the clerk to send a copy of this order to the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(4) **ORDERS** the respondents to acknowledge receipt of this order and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries.

---

[1] If respondents voluntarily provide Paigne with review of the negative reasonable fear determination by an immigration judge, then the preliminary injunction would be rendered unnecessary.

9

SO ORDERED on April 1, 2026.

                              /s/ *Cristal C. Brisco*
                              CRISTAL C. BRISCO, JUDGE
                              UNITED STATES DISTRICT COURT